IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN CROWDEN, AIS # 201498, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-456-WKW |
| | ) | [WO] |
| ADOC SECURITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Steven Crowden, an inmate proceeding *pro se*, initiated this action

by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1.) At the time of filing,

Plaintiff neither paid the $405.00 filing and administrative fees nor filed an

application for leave to proceed *in forma pauperis* (IFP). On June 8, 2026, the court

issued a Notice of Deficiency directing Plaintiff to either pay the requisite filing fees

or submit an IFP application by June 22, 2026. (Doc. # 2.) The Notice of Deficiency

expressly cautioned Plaintiff that his failure to timely comply may result in an order

dismissing this case. (*Id.*) To date, Plaintiff has failed to comply with the Notice of

Deficiency's directives. Consequently, this action will be dismissed without

prejudice.

A district court "may dismiss a case under its inherent authority, which it

possesses as a means of managing its own docket so as to achieve the orderly and

expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the Notice of Deficiency's directives and because this case cannot proceed without either prepayment of the

requisite filing fees or the granting of IFP status, this action will be dismissed without prejudice.  No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

It is further ORDERED that Plaintiff's self-styled "Notice of Appeal" / "Writ of Cetuarie" [sic] (Doc. # 3), which more appropriately constitutes an attempted amendment to the complaint, is DENIED as moot.

Final judgment will be entered separately.

DONE this 30th day of June, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE